**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BENITA A. PRIDGEON**                                                              **PLAINTIFF**

**VS.**                                  **CASE NO.  5:06CV0216**

**SOUTHEAST ARKANSAS COLLEGE**
**DIANN WILLIAMS, Vice President of Assessment**                 **DEFENDANTS**

<u>ORDER</u>

Pending is Defendants' motion for summary judgment.  (Docket # 35).  The Court

granted Plaintiff three extensions of time in which to respond to the pending motion, Plaintiff

failed to file a response.  For the reasons set forth herein, Defendants' motion is granted.

<u>Facts</u>

Plaintiff, Benita Ann Pridgeon, a registered nurse began her employment with Southeast

Arkansas College ("SEARK") as a Practical Nurse Instructor in January of 1994.  SEARK  is an

educational institution located in Pine Bluff, Arkansas.  As a Practical Nurse Instructor,

Pridgeon's duties included, among other things, teaching assigned classes, attending general

faculty, division, and departmental meetings, participation in staff development activities, and

cooperating in the execution of college, division, and department policies.  Diann Williams, Vice

President for Assessment/Nursing and Allied Health, was Pridgeon's immediate supervisor

throughout her employment with SEARK.  At the time of the events about which Pridgeon is

complaining, Dr. Phil Shirley was the President of SEARK.  Dr. Terry Puckett was the President

of SEARK when Pridgeon was hired in 1994.

The Instructor/Coordinator of Practical Nursing is an unofficial program position title

used by the Nursing and Allied Health Division for an instructor whose teaching load is offset by

coordinating clinical schedules and ensuring program compliance with the Arkansas State Board

of Nursing (ASBN) standards.  The job duties for an Instructor/Coordinator are the same as a

Practical Nurse Instructor with the exception that the teaching load is lessened to allow time for

clinical coordination and ASBN program approval activities.  In order for someone to be

appointed to the Instructor/Coordinator position, a majority of the Practical Nursing faculty must

be in favor of the person.  The Instructor/Coordinator chosen to assume the coordinator

responsibilities must show team spirit, good personal relations with peers, staff, and clinical

agencies, and the public in general.  The Instructor/Coordinator is often required to work

additional hours outside the typical 8-4 work schedule, without additional compensation.  There

is no requirement that an opening for an Instructor/Coordinator be advertised under SEARK

policy because it is not a formal position.  The employee chosen as Instructor/Coordinator is not

given a pay raise.  That employee is given a stipend of $1500.00 to account for the overtime

hours required of the position.  This additional $1500.00 is not added to the employee's base

salary.

Sharon Cyrus ("Cyrus") was an Instructor/Coordinator of Practical Nursing for several

years during Pridgeon's employment with SEARK.  Cyrus resigned her position as

Instructor/Coordinator of Practical Nursing in July of 2005.  Cyrus was 50 years old at the time

she resigned.  Katina Camp ("Camp") was recommended to take over the coordinator

activities of the Practical Nursing program by four of six members of the Practical Nursing

faculty.  Camp was 33 years old at the time she was appointed Instructor/Coordinator.

Pridgeon was a member of the original search committee that recommended Camp for a

full time position in the Practical Nursing program in January, 2003.  When she was hired  in

January 2003, Camp's area of strength, according to the search committee, was "good people skills," which is critical to successful coordination.  Prior to Cyrus' resignation, Camp involved herself in the program and division matters and was more familiar with the coordination aspect of the program than other faculty members.  Camp's recommendation by her peers for Instructor/Coordinator was based on her experience and satisfactory performance in coordinating the first level of the evening and weekend part time program.

On September 8, 1994, Pridgeon received a verbal disciplinary warning after a confrontation with a faculty member.  On March 25, 1999, Pridgeon received a verbal warning from Diann Williams regarding her discussing a student's examination scores with other students after Williams received a letter from one of Pridgeon's former students.  On April 23, 2001, Pridgeon received a verbal warning from Williams after a complaint was lodged concerning Pridgeon releasing "secure" exam questions to students.  On March 7, 2002, Pridgeon was given a verbal warning after co-workers complained that she was "unhelpful."  In April 2002, Williams spoke with Pridgeon regarding the strained relationships between she and her colleagues.  On August 28, 2002, Pridgeon violated departmental policy by signing a registration card for her daughter to take a class for which her daughter did not meet the published prerequisite requirements.  She received a written warning for violating school policies.  In August 2004, Pridgeon received verbal and written warnings over reported incidents of Pridgeon making derogatory comments to staff members and students about other teachers.   This incident included a meeting with Pridgeon, Williams, and Dr. Shirley, SEARK's President.

In October of 2005, Pridgeon violated SEARK's sick leave policy by working at a part time job while on sick leave with the college.  After violating SEARK's sick leave policy,

3

Pridgeon's employment with SEARK was terminated effective October 5, 2005.  Pridgeon was terminated for violating SEARK's sick leave policy, violating departmental and/or college policy, and lack of team spirit.  Per SEARK's policy, Pridgeon orally grieved her termination decision to Williams.  Williams received a letter October 17, 2005 that contained Pridgeon's Grievance Statement.  Pridgeon, Williams, and Dr. Shirley had a meeting on October 24, 2005 and Pridgeon was allowed to present her grievance regarding her termination.  Williams then wrote a letter dated October 25, 2005 to Pridgeon informing her that no new information had been provided at their meeting that impacted her decision to terminate Pridgeon.  Pridgeon appealed her termination to SEARK's President, Dr. Shirley.  By letter dated November 15, 2005, Dr. Shirley upheld Williams' decision to terminate Pridgeon's employment.  Pridgeon then appealed to SEARK's Board of Trustees. Dr. Shirley denied Pridgeon's appeal pursuant to his discretion under SEARK Administrative Bulletin No. 10.  Under school policy, a violation of the sick leave policy could result in termination.

Plaintiff filed this cause of action alleging age discrimination and defamation in the termination of her employment.  Plaintiff has sued SEARK and Diann Williams under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 and Federal Rule of Civil Procedure 18(a) for a pendant state law defamation claim.  Defendants move for summary judgment on all claims.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion</u>

Plaintiff brings her action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983 alleging that she was discriminated against based on her age after a younger

SEARK employee was appointed to the Instructor/Coordinator Practical Nursing position instead of her and after being terminated for violating school policies.   Title VII does not prohibit discrimination on the basis of age. Plaintiff does not cite the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621 et seq.) as the basis of her age discrimination claim, however, because Plaintiff alleges that the acts and omissions of SEARK in failing to place her in the Instructor/Coordinator position and in her termination constituted age discrimination, the Court will analyze this claim under the ADEA.

Federal Courts have held that individual defendants cannot be held liable under either Title VII or the ADEA, accordingly, Plaintiff cannot maintain an action for age discrimination against Williams individually.  Further, the Supreme Court has held that the ADEA did not validly abrogate states' Eleventh Amendment sovereign immunity from suit by private individuals. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).  Accordingly, Plaintiff cannot maintain an age discrimination claim against SEARK or Williams in her official capacity. *White v. Arkansas Dept. of Health and Human Services,* 2006 WL 229896, 3 (E.D.Ark,2006).

Plaintiff's §1983 claims also fail.  The Eleventh Amendment to the Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Supreme Court has held that the Eleventh Amendment extends to preclude suits against a state, state agency, entity or institution from suits by its own citizens as well as citizens of another state or citizens of any foreign state. *Edelman v. Jordan,* 415 U.S. 651 (1974), *Alabama v. Pugh*, 438 U.S. 781 (1978).  Additionally, the Eleventh Amendment prohibits federal court

lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially for the recovery of money from the state. *Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459 (1945). Moreover, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under §1983" when sued for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's §1983 claims against SEARK should be, and hereby are dismissed. Plaintiff's suit against the individual Defendant in her official capacity to recover damages is also dismissed.

State officials are "persons", however, under §1983 when sued for injunctive relief and the Eleventh Amendment does not bar such relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment does not prohibit a suit for damages against a state officer in his individual capacity. *Nix v. Norman,* 879 F.2d 429, 432-33 & n. 3 (8th Cir.1989).

Plaintiff failed to respond to Defendant's motion for summary judgment. Under the local rules applicable to federal district courts in Arkansas, a party opposing a motion for summary judgment " shall file ... a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." D. Ark. R. 56.1(b). If the opposing party fails to contest the facts described in the motion for summary judgment, those facts "shall be deemed admitted." *Id*. 56.1(c) Pursuant to the local rules, then, the facts as described in the Defendants' motion for summary judgment are the undisputed facts of this case*. Beavers v. Bretherick ,* 2007 WL 1109940 (8th Cir. 2007).

Based upon the undisputed facts, Plaintiff did not apply for the Instructor/Coordinator Practical Nursing position and Camp was chosen based on her experience and satisfactory

performance.  In addition, Camp was selected by a majority of her peers.  Further, the undisputed

facts demonstrate that Plaintiff was terminated for violating SEARK's sick leave policy and

during her employment, Plaintiff received several verbal and written disciplinary warnings for

various policy violations.  Plaintiff has offered no evidence to demonstrate an inference of

discrimination in the selection of Camp for the Instructor/ Coordinator position or her

termination.  SEARK has offered rational and legitimate non discriminatory reasons for its

actions and Plaintiff has offered no evidence of pretext.  Accordingly, Plaintiff's §1983 claims

are also dismissed.  The Court declines to exercise pendent jurisdiction over the remaining state

law claim.

For these reasons,  Defendants' motion, docket # 35, is granted.

IT IS SO ORDERED this 20th day of September,  2007.


James M. Moody
United States District Judge