IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BENITA A. PRIDGEON**                                                                                  **PLAINTIFF**

VS.                                           **CASE NO. 5:06CV0216**

**SOUTHEAST ARKANSAS COLLEGE**
**DIANN WILLIAMS, Vice President of Assessment**                          **DEFENDANTS**

### ORDER

On September 20, 2007 the Court entered an Order granting Defendants' motion for summary judgment. (Docket # 54). Thereafter, Plaintiff filed a motion for reconsideration which the Court granted on October 4, 2007. The Court agreed to consider Plaintiff's belated response to the motion for summary judgment and directed Plaintiff to file that response by October 15, 2007. Defendants filed a reply to Plaintiff's response.

The Court has reviewed the papers and exhibits filed and finds that Plaintiff has not offered sufficient evidence to demonstrate that a genuine dispute of material fact remains for trial. *See, Rose-Matson v. NME Hospitals, Inc.*, 133 F. 3d 1104 (8th Cir. 1998)(conclusory allegations are insufficient to support an inference of pretext and conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment). Plaintiff claims that she has made a *prima facie* case because she is over the age of 50, she was denied a position of employment in favor of a similarly situated, less qualified young person and she claims that SEARK had expressed and acted on a policy to hire younger, less "menopausal" persons over more experienced ones such as the plaintiff. As stated in the Court's September 20, 2007 Order, Plaintiff's age discrimination claims fail because Title VII does not prohibit discrimination on the basis of age; individual defendants cannot be held liable under either Title

VII or the ADEA; and the Supreme Court has held that the ADEA did not validly abrogate states' Eleventh Amendment sovereign immunity from suit by private individuals.

Plaintiff's §1983 claims against SEARK and the individual defendant in her official capacity also fail as "neither a State nor its officials acting in their official capacities are 'persons' under §1983" when sued for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). State officials are "persons", however, under §1983 when sued for injunctive relief and the Eleventh Amendment does not bar such relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, the Eleventh Amendment does not prohibit a suit for damages against a state officer in his individual capacity. *Nix v. Norman,* 879 F.2d 429, 432-33 & n. 3 (8th Cir.1989).

Plaintiff states that her §1983 case is based upon the conduct of Diann Williams "of harassing this employee by bringing rumors and innuendo against her, providing her no opportunity to rebut or confront these allegations . . . [w]hen plaintiff voiced her objection, she was repeatedly and publicly humiliated on baseless charges, then fired."  The evidence demonstrates that Plaintiff was terminated for violating SEARK's sick leave policy and during her employment, Plaintiff received several verbal and written disciplinary warnings for various policy violations.  Plaintiff has offered no evidence to demonstrate an inference of discrimination in the selection of Camp for the Instructor/ Coordinator position or her termination.  SEARK has offered rational and legitimate non discriminatory reasons for its actions and Plaintiff has offered no evidence of pretext.  Accordingly, Plaintiff's §1983 claims are also dismissed.

As previously held, the Court declines to exercise pendent jurisdiction over the remaining state law claim.  Accordingly, Plaintiff's motion for reconsideration, is denied.

IT IS SO ORDERED this 4th day of August, 2008.

                                                        _____
                                                        James M. Moody
                                                        United States District Judge